The precise question which we have here was not involved in that case, but the controlling principle was fully considered and the authorities quoted in Hand v. Matthews, 208 Pa. 149, separately discussed.

Although the terms of the sale were not shown in this case, it is clear, from all the authorities, that the title did not pass until the machine was paid for or the purchase price secured, unless actual delivery was made or payment was expressly waived. So far as the testimony in the case shows, the transaction ended with the declaration of the auctioneer that the property was sold to the defendant. There was no tender of possession on the one hand, nor of payment of money or tender of security on the other. The contract was, therefore, executory and not a sale, which, as already said, is an executed contract. If the plaintiff had refused to deliver possession, it is very clear that the defendant could not have maintained replevin; or, if a creditor of the defendant had levied upon the potato digger, which was the article the sale of which was in question, he could not have maintained a levy or justified a sale. On the other hand, if the defendant had removed the machine without payment of, or security for, the amount of his alleged bid, the plaintiff undoubtedly could have maintained replevin. The court below was clearly right in holding that title had not passed to the defendant and that, therefore, the plaintiff was not entitled to recover under the pleadings.

Judgment affirmed.

## Wheeler's License.

Argued March 5, 1907. Appeal, No. 17, March T., 1907, by Cyrus S. Wheeler, from order of Q. S. Clinton Co., Jan. T., 1907, No. 11, refusing a liquor license. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY. HEAD and BEAVER, JJ. Affirmed.

OPINION BY MORRISON, J., April 15, 1907:
This appeal raises substantially the same questions raised in

the appeal of Richard J. Free at No. 19, March Term, 1907, in this court, in which an opinion has this day been filed, post, p. 348, and on the authorities cited and the reasons given in that opinion, the order of the court below is affirmed, and the appeal dismissed, at the costs of the appellant.

## Hevner's License.

Argued March 5, 1907. Appeal, No. 18, March T., 1907, by T. H. Hevner, from order of Q. S. Clinton Co., Jan. T., 1907, No. 39, refusing a liquor license. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

OPINION BY MORRISON, J., April 15, 1907:

This appeal raises substantially the same questions raised in the appeal of Richard J. Free at No. 19, March Term, 1907, in this court, in which an opinion has this day been filed, post, p. 348, and on the authorities cited and the reasons given in that opinion, the order of the court below is affirmed, and the appeal dismissed, at the costs of the appellant.

## Seasholtz's License.

Argued March 5, 1907. Appeal, No. 20, March T., 1907, by Charles W. Seasholtz, from order of Q. S. Clinton Co., Jan. T. 1907, No. 62, refusing a liquor license. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

OPINION BY MORRISON, J., April 15, 1907 :

This appeal raises substantially the same questions raised in the appeal of Richard J. Free at No. 19, March Term, 1907,